**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **CRIMINAL ACTION 05-00345-KD-C** |
| | ) | |
| **JAMES MADISON BROWN,** | ) | |
|     **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Defendant James Madison Brown's "Motion for Offset Resulting in Satisfaction of Fine Obligation" (Doc. 574) and the Government's Motion to Strike in response to same (Doc. 578).

On January 16, 2009, Defendant Brown was sentenced for conspiracy and a judgment was entered on February 6, 2009 which included a fine of $150,000 payable immediately plus a special assessment of $100.00. (Docs. 553, 554). Defendant Brown moved for reconsideration and a reduction in the fine amount, which was denied. (Docs. 547, 551). On March 30, 2011, Defendant Brown filed a motion for offset and satisfaction of fine obligation (Doc. 574),[1] in which he contends that his fine has been satisfied as a result of his payments, plus his cooperation with the federal government in an unrelated criminal case, for which he contends he has been promised reimbursement of expenses totaling $120,000.

Pursuant to the Tucker Act, 28 U.S.C. § 1491, this Court lacks subject matter jurisdiction over Defendant Brown's alleged contract claim for money damages ($120,000) against the Government, as relief for such a claim is only available in the Court of Federal Claims. See, e.g. Jumah v. U.S., 90 Fed. Cl. 603, 606 (2009). Specifically, in the Tucker Act, Congress waived the federal government's

---

1 As indicated in the Government's responsive pleading (Doc. 578), as of April 6, 2011, Brown has paid the $100.00 special assessment fee and $28,800 of the $150,000 fine (Doc. 578-1); Brown's balance is $121,200.

1

sovereign immunity but limited the jurisdiction of the Court of Federal Claims to hear claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); United States v. Mitchell, 463 U.S. 206, 212 (1983). Moreover, under the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over contract claims against the United States where the claim exceeds $10,000. Friedman v. U.S., 391 F.3d 1313, 1315 (11th Cir. 2004).

Defendant Brown's claim is one for breach of contract against the Government in the amount of $120,000. Accordingly, this Court lacks subject matter jurisdiction over Defendant Brown's claim and his remedy, if any, is in the Court of Federal Claims. See, e.g., Enlow v. U.S., 161 Fed. Appx. 837, 841 (11th Cir. 2008); Friedman v. U.S., 391 F.3d 1313, 1315 (11th Cir. 2004).

Thus, it is **ORDERED** that Defendant Brown's Motion (Doc. 574) is **DENIED** and his breach of contract claim against the Government raised therein is **DISMISSED** for lack of subject matter jurisdiction. As such, the Government's motion to strike (Doc. 578) is **MOOT.**

**DONE** and **ORDERED** this the **21st** day of **April 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**